IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLES HAWKINS,<br><br>    Plaintiff<br><br> VS.<br><br>ALAN ADAMS, *et al.*,<br><br>    Defendants | NO.  5:09-CV-173 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

# ORDER TO RESPOND

  The defendants herein have filed a motion seeking summary judgment in the above-captioned case.  Tab #19.  Attached to this motion are a supporting brief, a Statement of Material Facts, and several affidavits and exhibits.  Since plaintiff Charles Hawkins is proceeding *pro se*, the court deems it appropriate and necessary to advise him of his right to respond to said motion and of the consequences which he may suffer if he fails to file a response thereto.

  In order to insure that this *pro se* plaintiff receives adequate notice (1) that a motion for summary judgment has been filed against him in this case, (2) that he has the right to oppose the granting of said motion, and (3) that failure to oppose said motion may result in a final judgment being rendered against him, he is NOTIFIED as follows:

  Rule 56(c) of the ***Federal Rules of Civil Procedure*** dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

  Under the procedures and policies of this court, motions for summary judgment are normally decided on briefs.  The court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties in deciding whether a summary judgment is appropriate under Rule 56; the parties may submit their argument to the court by filing briefs in support of or briefs in opposition to said motions.

Under the law, the party against whom a summary judgment is sought must be given ten days notice of the summary judgment rules. In addition, the party upon whom a motion for summary judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails and refuses to file any affidavits or other materials in opposition to the motion for summary judgment, a <u>FINAL</u> judgment may be rendered against him if otherwise appropriate under the law.

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, **the party opposing the granting of the motion for summary judgment <u>cannot</u> <u>rest</u> <u>on</u> <u>his</u> <u>pleadings</u>** to present an issue of fact but <u>must</u> make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc*., 736 F.2d 656, 658 (11th Cir.1984). Upon the recommendation of the magistrate judge, the court could then grant judgment to the defendant seeking summary judgment; <u>there would be no trial or any further proceedings</u>!

Accordingly, plaintiff is ORDERED AND DIRECTED to file a response to the defendants' Motion for Summary Judgment in accordance with Rule 56 of the *Federal Rules of Civil Procedure* **WITHIN THIRTY (30) DAYS** of <u>RECEIPT</u> of this Order. After the filing of plaintiff's response or after the passage of forty-five (45) days from the <u>DATE</u> of this Order, whichever comes first, the court will consider defendants' Motion for Summary Judgment and any opposition to same filed by the plaintiff.

**SO ORDERED**, this 16TH day of NOVEMBER, 2009.



s/ *Claude W. Hicks, Jr.*
CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE