IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHARLES HAWKINS,

          Plaintiff

VS.

ALAN ADAMS, *et al.*,

          Defendants

**NO. 5:09-CV-173 (CAR)**

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION

Plaintiff Charles Hawkins, an inmate diagnosed with Hepatitis C, has filed the above-captioned lawsuit alleging that the defendants violated his constitutional rights by denying him certain medical treatments and/or procedures. In response, the defendants have filed a motion seeking summary judgment. Tab #19. Their motion is supported by a statement of facts, a brief, affidavits, and other exhibits. Plaintiff Hawkins has filed a response to the defendants' motion (Tab #26) to which the defendants have filed a reply (Tab #27). The motion is now ripe for review.

### LEGAL STANDARDS

Rule 56 of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
> > *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
> >
> > > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> > >
> > > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> > >
> > > *(C) the movant may file a reply within 14 days after the response is served.*
> >
> > *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish, by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988).

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle, supra*, at 107, 97 S.Ct. at 293.

At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991).[2] Moreover, *Estelle* specifically states that the question of whether additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle, supra*, at 292-93.

## DISCUSSION

In his complaint, plaintiff Hawkins contends that the defendants violated his constitutional rights through their deliberate indifference to his serious medical needs. This deliberate indifference allegedly occurred when the defendants chose not to provide plaintiff Hawkins with certain treatments which he believed would most effectively treat his diagnosed Hepatitis C (HCV) and other extra hepatic conditions. Specifically, plaintiff Hawkins contends that the defendants violated his constitutional rights when they failed provide him with interferon antiviral therapy and related treatments. By way of relief, he seeks an order directing the defendants to refer him "to a gastroentrologist regarding liver biopsy and any further/other Hepatitis C treatment."

In response to these allegations, the defendants filed the instant motion seeking summary judgment. In support thereof, the defendants submitted a number of materials including medical records, statements and affidavits from physicians who treated the plaintiff, copies of various GDOC Medical SOPs, and numerous other exhibits. A review of this evidence demonstrates that, at no time during his incarceration with the Georgia Department of Corrections, was the plaintiff a medically eligible candidate for the antiviral treatment therapy he seeks. This, according to the defendants, is because the plaintiff's has stage 4 cirrhosis of the liver.

---

[2] Vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994).

Moreover, the evidence also shows that, contrary to the plaintiff's assertions, his medical conditions were regularly and repeatedly evaluated and treated in accordance with all appropriate medical treatment protocols. In his Response to the defendants' motion, and rather than challenging the evidence submitted, the plaintiff offers little more than unsupported assertions that, through deliberate indifference, he was denied adequate medical treatment for his ailments.

Consequently, and after a careful review of the record in this case, and in light of the plaintiff's decision not to present any documentation, testimony, or other evidence supporting his claims, it appears that the defendants are entitled to judgment as a matter of law. Accordingly, **IT IS RECOMMENDED** that the defendants' motion seeking summary judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 15th day of JUNE, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE